et al., 221970, that's all I have to say. All right. Mr. Greer, hold on a second. Okay, please proceed. Good day, Your Honor. I am Dr. Stephen Greer, the plaintiff and appellant. I thank this United States Court of Appeals for the Second Circuit for the opportunity to argue this. And I'll just go straight to the arguments, if you'd like. The first argument involves the misappropriation of claims in the unanimous 2019 Supreme Court case of Fourth Estate. That ruling by Justice Ginsburg meant that I was not allowed to use copyright law because my content in question was not registered with the Copyright Office. And in addition, they were ideas which are also not eligible for copyright. And, however, the district court ignored the Fourth Estate argument on three different opinions and decided that I was preempted or should have used copyright law. In doing this, they also misapprehended a case of NBA v. Motorola to argue the partial preemption. I say – I question how could I possibly have used copyright law in the 2019 Supreme Court case that I was not there. Dr. Greer, I think you may be misapprehending what preemption means. It's not a suggestion that you should have used copyright law. It's that copyright law occupies this field. Now, I can understand there are various arguments as to why what you are alleging might not be in this category. But there are many cases in which an argument is held to be preempted or a state law claim is found to be preempted by copyright law because copyright law meant certain things to be unregulated. In other words, copyright law says if it's just an idea, it can't be copyrighted. And the cases hold that that means you can't sue under any theory for appropriating something that is just an idea. And then there's a whole body of case law that deals with when the state law claim requires extra elements and so on. But I just want to make sure you understand that it's not an argument that you should have brought a copyright claim, which of course you would lose. That's not the way the preemption theory works. Well, that's – you're the first judge to explain that. This has been completely ignored in the lower court, so if someone can explain that to me, that would be the first. That would be an interesting finding. But I do believe there's still a paradox created is what was the lower court trying to tell me, that I can't use the perfectly good state torts but I could be using a law that I'm not allowed to use? You'd have to be using a state tort that is distinguishable from simply what would be a copyright claim if ideas could be copyrighted, for example. I guess that's one way of putting it. So there needs to be some extra element in the state tort that is not just the forbidden copyright claim, so to speak. Well, that would get to the whole Motorola versus – NBA versus Motorola, which is what they based all of that on. And that is very much irrelevant to my case. That's a case about how partial preemption dealt with the copyright or lack thereof of a live sporting event, basketball, and then data through Motorola. It just has nothing to do with ideas for television, Desney, 1956, California, Desney. So I think they greatly misapprehended. I never once used the word partial preemption. That was the judge inserting that whole argument. I was never trying to use partial preemption. I don't see how the NBA case is relevant to this at all. It's a real stretch. And then I have a second argument about the misapprehension is the – here in the Second Circuit, the Forest Park Pictures versus Universal Studios about 10 years ago. Clearly, so what I did in interacting with Fox and the News Corp newspapers was creating an implied-in-fact contract. Now, I argued throughout the briefs extensively, and even the judge brought it up on the doc SPA-32. So everyone knows I argued Forest Park. I clerically forgot to make it an official cause of action, but I believe the court had plenty of leeway to interpret that I did make it a court of action. And then, oh, by the way, I had already been granted leave to the amendment of the complaint for the defamation cases. So it certainly should have been allowed for me to insert one sentence as cause of action. So I believe that that is why the misapprehension claim should be restored. Okay. Thank you. Thank you very much. So we'll hear from the other side. I'm sorry. Mr. Grier, can you hear me? Yeah, I was going to talk about the defamation arguments. You know what? I'm going to give you one minute. All right. But I want to say that the the blacklisting defamation, they were they survive the motion to dismiss twice. Then I appealed the magistrate report for the purpose of the misapprehension claims. Then they maybe got thrown out the bathwater. Those were tossed out. So they've already been allowed to survive the motion to dismiss twice. And the ones in the complaint are just the tip of the iceberg. I mean, if this goes to discovery and trial, I'm going to find that that Fox and News Corp and all the group of murder companies do this as their modus operandi. So now we'll hear from Mr. Thank you. May police court Stephen. We're on behalf of the Fox defendants. I'll just say a word about preemption. Judge Lynch explained this is exact. The district was exactly that. I'm sorry. Can you speak up? Yes. I'm sorry about that. I'll just say one word about preemption, which is that judge Lynch explained it exactly. And the district court got it exactly right. This is copyright preempted. It satisfies the subject matter requirement equivalency requirement. And that's NBA versus Motorola on the second point on the breach of implied contract. Just two points on the district court opinion there as well. The first was much too late. This was brought up for the first time in the opposition to a motion to dismiss the second amended complaint. That's just too late. Even even liberally reading complaint. And the second is that substantively, the cases are just not similar. Forest Park was based on an express promise to pay. And that's just not here. If you look at the complaint in paragraph 97, Dr. Greer makes clear that he rejected a contract. And in paragraph 100, he says that he subsequently agreed to appear on Fox shows without pay. Those are the only I mean, they're clearly distinguishable. Otherwise, unless the panel has any further questions. Thank you. Thank you. Mr. Mintz. Good morning. May it please the court. Steve Mintz on behalf of the News Corporation, Dow Jones, the Wall Street Journal and Gerard Baker. The News Corp defendants are barely bit players in this case. There's a 2010 incident about tips about an expert network to somebody named Jenny Strasburg, who was dismissed from the case as being non-diverse. There's a claim about an idea for a health care channel. And then some lawyer's letter that Mr. Greer sent in 2014. And some security incident in 2013. Putting aside preemption, and I agree with Mr. Wu. Those things are all barred by the statute of limitations and failure to state a claim, even if they're not preempted. None of the claims are properly stated. If anybody has any questions for me. Thank you very much. Thank you. So we will reserve the decision. Dr. Greer, what that means is that- I had some- Okay. First, it's actually not too late to argue that Forest Park implied a breach of contract because I was allowed to amend the case. So it was easily insertable. Secondly, Forest Park is exactly like my case. I mean, it's like they wrote it to me. Identical. The News Corp players are not barely in it. The biggest story a couple years ago was how Governor Cuomo sent back infected people to nursing homes to become infected. That was my story. I broke it. Then the New York Post used it. The New Wall Street Journal has used so many front page stories of the Wall Street Journal that I coughed crack up. But I can give you a list. So News Corp was stealing my idea long before Tucker Carlson. Dr. Greer, may I just ask? I mean you're suggesting, I think, that any time a whistleblower or someone who comes into possession of information about some kind of wrongdoing and gives that to a reporter is expecting and everyone is expecting and it's the custom of the country that that person is going to be paid? Absolutely not. I'm dealing with my health care channel as a media CEO forming partnerships with the CEO of Dow Jones and so forth. I'm dealing with the executives of Fox Business. The whole way I got in touch with the entire Rupert Murdoch family was as a businessman getting my health care channel partnered. This is not just me being a journalist. I gave up all those stories to Jenny Strasburg hoping that I would get recognition for it. Nothing. I gave all of this help to Fox Business, Tucker Carlson in hopes that they would get recognition which would help partnership deals. Okay, then I understand your point. Thank you. You answered my question. I appreciate it. Yep. Thank you very much. Thank you very much. We will reserve decision. Appreciate your comments. We will have a decision for you relatively shortly. Okay? Thank you very much. That concludes today's argument calendar and I'll ask the courtroom deputy to adjourn court. Court is adjourned.